**Louis R. CAMPO, Plaintiff–Appellant,**

v.

**Rodney E. SLATER, Secretary of the U.S. Department of Transportation, Defendant–Appellee.**

No. 04–2346–CV.

United States Court of Appeals, Second Circuit.

March 1, 2005.

Sandra D. Parker, New York, NY, for Appellant.

Kevin P. Mulry, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Steven Kim, Assistant United States Attorney), Central Islip, NY, for Appellee, of counsel.

PRESENT: SOTOMAYOR, RAGGI, and W. HALL, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Louis R. Campo appeals from the March 22, 2004 judgment of the United States District Court for the Eastern District of New York (Hurley, J.), granting defendants' motion for summary judgment under Fed.R.Civ.P. 56. [blue 1, 6, JA 7] We presume familiarity by the parties with the factual and procedural background of this case.

We review *de novo* the district court's grant of summary judgment, *Lizardo v. Denny's, Inc.*, 270 F.3d 94, 100 (2d Cir. 2001), and affirm a grant of summary judgment "only where no reasonable trier of fact could find for the nonmoving party." *Bldg. Trades Employers' Educ. Ass'n v. McGowan*, 311 F.3d 501, 507–08 (2d

Cir.2004). Summary judgment is only warranted upon a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). Where a plaintiff alleges individual disparate treatment but relies on circumstantial evidence of discrimination, a familiar tripartite burden-shifting test governs the court's analysis of whether there remains a triable issue of fact. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Weinstock v. Columbia Univ.,* 224 F.3d 33, 42 (2d Cir.2000). First, the plaintiff must establish a *prima facie* case of discrimination by showing that he or she 1) belonged to a protected class; 2) was qualified for the position; 3) suffered an adverse employment action; and that 4) the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent. *Terry v. Ashcroft,* 336 F.3d 128, 138 (2d Cir.2003). Once the plaintiff establishes a *prima facie* case, the burden shifts to the defendant, who must then offer a legitimate, non-discriminatory

rationale for his or her actions. *Id.* Once the defendant offers such a rationale, "to defeat summary judgment ... the plaintiff's admissible evidence must show circumstances that would be sufficient to permit a rational finder of fact to infer that the defendant's employment decision was more likely than not based in whole or in part on discrimination." *Id.* (citation and internal quotation marks omitted). We have noted that the third step in the burden-shifting analysis "mandates a case-by-case approach, with a court examining the entire record to determine whether the plaintiff could satisfy his [or her] 'ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff.'" *Schnabel v. Abramson,* 232 F.3d 83, 90 (2d Cir.2000) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 143, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (further internal quotation marks omitted)). The *Reeves* Court stated that "a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated" but also observed that "[t]his is not to say that such a showing by the plaintiff will *always* be adequate to sustain a jury's finding of liability."[1] *Id.* at 148, 120 S.Ct. 2097.

Although Campo made the minimal showing necessary to establish a *prima facie* case, his claim fails at the third step because there is insufficient evidence from

---

**1.** *Reeves* suggested that a reviewing court should consider a number of factors to determine whether a plaintiff has satisfied the third step of the burden-shifting analysis, including "the strength of the plaintiff's *prima facie* case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered on a motion for judgment as a matter of law." *Reeves,* 530 U.S. at 148–49, 120 S.Ct. 2097. Because the same standard governs motions for judgment as a matter of law brought under Fed.R.Civ.P. 50 and motions for summary judgment brought under Fed.R.Civ.P. 56, "*Reeves* applies with equal force on a motion for summary judgment." *Schnabel,* 232 F.3d at 89.

which a reasonable trier of fact could conclude that gender bias motivated the training setbacks he experienced. For example, Campo presented no evidence that training supervisors made disparaging comments evincing a gender bias directed towards Campo or other male developmentals. *Cf. Schnabel,* 232 F.3d at 91. Campo also did not show that male developmentals in Area C consistently received training of lower quality and less duration than did Area C's female developmentals. *Cf. James v. New York Racing Ass'n,* 233 F.3d 149, 152–53 (2d Cir.2000) (noting that totality of evidence could not support an inference that age bias motivated employee's termination because, *inter alia,* substantial evidence existed that employer did not discriminate against older workers, as evidenced by recent hires and promotion of elderly employees). Indeed, Campo offers no evidence of gender bias beyond satisfying the minimal evidentiary hurdles required to establish a *prima facie* case and provides few reasons to believe that the defendant's proffered nondiscriminatory rationale for the training differential was a discriminatory pretext. *Cf. Reeves,* 530 U.S. at 148, 120 S.Ct. 2097 (stating that defendant-employer would be entitled to judgment as a matter of law in employment discrimination case if, *inter alia,* "the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred"). In sum, Campo has not come forward with evidence from which a reasonable trier of fact could find that he met his "ultimate burden of persuading the trier of fact that the defendant intentionally discriminated" against him. *Id.* at 143, 120 S.Ct. 2097 (citation and internal quotation marks omitted).

For the foregoing reasons, the judgment of the district court is AFFIRMED.